IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Darren Sanders, Sr., #7372, )<br>a/k/a Ricky D. Sanders, Sr., )<br>           ) <br>           Plaintiff, )<br>           )<br>vs.        )<br>           )<br>City of Sumter Police Dept. c/o Chief )<br>Patty Patterson; Detective Todd Sims; )<br>and Cpl. Shirer City Police Sumter, )<br>           )<br>           Defendants. )<br>           ) | Civil Action No. 6:06-3408-MBS-WMC<br><br>**O R D E R** |

       This matter is before the court on the plaintiff's motion for discovery (doc. 17) filed April 6, 2007, and "motion to issue subpoenas for sworn statements" (doc. 39) filed October 23, 2007. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. He alleges claims against the defendants for "wrongful imprisonment, false arrest, abuse of authority, denied due process, corruption, kidnaping, lost wages, pain and suffering and defamed of character."

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

       On July 10, 2004, Sandra Porter reported that the plaintiff had broken into her house during the night and held her against her will for several hours. Defendant Corporal Shirer, a City of Sumter police officer, was dispatched to Porter's residence to investigate the complaint. Upon his arrival, Porter told Shirer that the plaintiff had entered her house through a bedroom window by removing an air-conditioning unit and had held her captive

in the house for several hours.  She told him that the plaintiff did not live in the home and that he had broken into the home.  Shirer observed that a window unit had been removed from a bedroom window.  Based upon Porter's allegations and his investigation at the scene, he placed the plaintiff into custody and transported him to the Detention Center.  The case was then assigned to defendant Detective Tod Sims of the Burglary Division.  Sims spoke with Porter regarding the allegations and later obtained a signed statement from her regarding the incident.  Based upon the information from Porter and Shirer, he obtained arrest warrants from a municipal judge.  At the preliminary hearing, Sims recited the information in the statement received from Porter.  The charges were dismissed on December 1, 2004, after Porter recanted her statements on November 29, 2004.

In his motion, it appears that the plaintiff is asking for an extension of time to obtain sworn statements from people who have knowledge about where he was living at the time of the arrest. Defendants filed their summary judgment motion on May 22, 2007.  The plaintiff requested and received several extensions of time to respond to the defendants' motion.  He filed his response to the motion for summary judgment on October 16, 2007.  As argued by the defendants, the plaintiff has had ample time to submit affidavits in opposition to the defendants' motion, and he has failed to do so within the time permitted by the court.  The defendants' motion for summary judgment, as well as the plaintiff's own motion for summary judgment, are now ripe for consideration by the court.  In addition, the information sought by the plaintiff has no bearing on the issues before the court.  The plaintiff contends that the information sought goes to his contention that the officers should have done more investigation.  It is clear that police officers have a right to rely on information provided by victims and witnesses and that no further investigation is required to constitute probable cause.  *See Pasiewicz v. Lake County Forest Preserve Dist*., 270 F.3d 520, 524 (7th Cir. 2001) (internal citations omitted) ("When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the

information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible. When probable cause has been gained from a reasonably credible victim or eyewitness, there is no constitutional duty to investigate further.").

On April 6, 2007, the plaintiff filed a "motion for discovery." The defendants filed a response on April 18, 2007, stating that they had never received a request for discovery from the plaintiff prior to that motion. The defendants treated the motion as a request for production of documents and provided the plaintiff with the following materials: General Sessions Docket Sheet – Indictment No. GS43 (burglary and kidnaping); Request for Dismissal of Prosecution dated 11/29/04; Investigative Report dated 07/10/04; Incident Report dated 07/12/04; Supplemental Incident Report; Witness/Victim Statement dated 07/15/04; City of Sumter Police Arrest Report; and Arrest Warrants H-363446 and H-363447 dated 07/10/04.

Based upon the foregoing, the plaintiff's motion to issue subpoenas for sworn statements (doc. 39) is denied and the plaintiff's motion for discovery (doc. 17) is moot.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

October 31, 2007

Greenville, South Carolina