IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Darren Sanders, Sr., #7372, a/k/a Ricky D. Sanders, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Sumter City Police Dept. C/o Chief Patty Patterson; Detective Todd Sims; and Cpl. Shirer City Police Sumter, <br><br> Defendants. | Civil Action No. 6:06-3408-MBS-WMC <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. no. 20) and the plaintiff's motions for summary judgment (doc nos. 30, 35). The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. He alleges claims against the defendants for "wrongful imprisonment, false arrest, abuse of authority, denied due process, corruption, kidnaping, lost wages, pain and suffering and defamed of character."

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

On May 22, 2007, the defendants filed a motion for summary judgment. By order filed May 30, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 5 and October 16, 2007, the plaintiff filed his own motions for summary judgment, and after

several extensions of time, the plaintiff filed his opposition to the defendants' motion for summary judgment on October 16, 2007. The defendants filed their opposition to the plaintiff's motions on September 24, 2007. The defendants also filed a reply brief in support of their motion for summary judgment on October 26, 2007, and a supplemental reply brief on November 5, 2007.

## **BACKGROUND OF THE CASE**

On July 10, 2004, Sandra Porter reported that the plaintiff had broken into her house during the night and held her against her will for several hours. Defendant Corporal George Shirer, a City of Sumter police officer, was dispatched to Porter's residence to investigate the complaint. Upon his arrival, Porter told Shirer that the plaintiff had entered her house through a bedroom window by removing an air conditioning unit and had held her captive in the house for several hours. She told him that the plaintiff did not live in the home and that he had broken into the home. Shirer observed that a window unit had been removed from a bedroom window. Based upon Porter's allegations and his investigation at the scene, he placed the plaintiff into custody and transported him to the Sumter Lee Regional Detention Center (Shirer aff.). The case was then assigned to defendant Detective Tod Sims of the Burglary Division. Sims spoke with Porter regarding the allegations and later obtained a signed statement from her regarding the incident. Based upon the information from Porter and Shirer, he obtained arrest warrants from a municipal judge for Burglary First Degree and Kidnaping. At the preliminary hearing, Sims recited the information in the statement received from Porter. On November 29, 2004, Porter recanted her earlier statements to law enforcement. The charges against the plaintiff were therefore dismissed on December 1, 2004 (Sims aff.).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

3

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The defendants argue that the plaintiff's allegations of violation of his Fourth Amendment Due Process rights fail because probable cause existed to arrest the plaintiff. This court agrees. In *Lambert v. Williams*, 223 F.3d 257 (4th Cir. 2000), the Fourth Circuit Court of Appeals stated, "What we termed a 'malicious prosecution' claim in [*Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir.1996)] is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution -specifically, the requirement that the prior proceeding terminate favorably to the plaintiff. It is not an independent cause of action." *Id.* at 262. "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks*, 85 F.3d at 183. Conversely, there is no cause of action for a false arrest under Section 1983 unless the officer lacked probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir.1974).

The reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("The Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in

4

that inquiry."). "Probable cause need only exist as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3rd Cir.1994).

> Probable cause to justify an arrest arises when "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict. "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." And when it is considered in the light of all of the surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause.

*Porterfield v. Lott*, 156 F.3d 563 (4th Cir. 1998) (internal citations omitted).

As argued by the defendants, under the standard set out by the Supreme Court, Shirer had probable cause to arrest the plaintiff for burglary and kidnaping. When he arrived on the scene, he was told by the victim that the plaintiff had broken into her home by removing an air conditioning unit and entering through a window. The victim told Shirer that the plaintiff did not live at the house, and this information was corroborated by others in the house. She also told him that the plaintiff had held her against her will for several hours in a back room of the house. Shirer observed that an air conditioning unit had been taken out of one of the windows and was lying on the ground. Based upon his observations and the information provided by the victim, he took the plaintiff into custody (Shirer aff., Sims aff.). *See Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 524 (7th Cir. 2001) ("When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible.").

Further, defendant Sims had probable cause to seek and serve the arrest warrants on the plaintiff for burglary and kidnaping based upon the information provided by

5

the victim and Shirer. Based upon that information, he completed an affidavit, and the municipal judge issued two arrest warrants. The victim signed a written statement regarding the charges on July 14, 2004, in which she related information consistent with the information given to Shirer (Sims aff.).

The plaintiff also appears to allege that his seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest (comp. 4). However, "[t]o succeed on his claim, the plaintiff must prove that [defendant Sims] deliberately or with a 'reckless disregard for the truth' made material false statements in his affidavit, . . . , or omitted from that affidavit 'material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading.'" *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citations omitted). Here, as argued by the defendants, there is no evidence that Sims intentionally lied in his affidavit or recklessly included or omitted material information. When the victim recanted her story and refused to testify, the charges were dismissed.

Based upon the foregoing, probable cause existed to arrest the plaintiff on the charges of burglary and kidnaping. Accordingly, summary judgment is appropriate on the plaintiff's Fourth Amendment claims.

The defendants argue that they are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiff has failed to demonstrate that the defendants violated any of his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

The plaintiff also appears to allege state law claims for false imprisonment, malicious prosecution, and defamation. As discussed above, probable cause existed for the plaintiff's arrest. Accordingly, the false imprisonment and malicious prosecution claims fail. *See Manley v. Manley*, 353 S.E.2d 312, 330 (S.C. Ct. App. 1987) ("Where one is arrested by lawful authority, an action for false imprisonment cannot be maintained. . . . Even if the arrest is improvidently procured, the wronged party's remedy lies in an action for malicious prosecution."); *Parrot v. Plowden Motor Co.*, 143 S.E.2d 607, 609 (S.C. 1965) ("To maintain an action for malicious prosecution, plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage."). Further, the plaintiff has presented no evidence in support of a defamation claim. *See Lynch v. Toys "R" Us - Delaware, Inc.*, 654 S.E.2d 541, 549 (S.C. Ct. App.

7

2007) ("The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."). Any statements made by Sims during the courts of the preliminary hearing enjoy an absolute privilege. *Crowell v. Herring*, 392 S.E.2d 464, 466-67 (S.C. Ct. App. 1990). Should the complaint be construed to allege additional state law claims, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

In his affidavit submitted in support of his motion for summary judgment (doc. no. 35), the plaintiff makes allegations regarding a recent trial in which he was acquitted on charges of a sex crime. As noted by the defendants, the plaintiff did not include any such allegations in his amended complaint, and those charges and trial are unrelated to the issue presently before the court.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. no. 20) be granted and the plaintiff's motions for summary judgment (doc. no. 30, 35) be denied. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

February 5, 2008

Greenville, South Carolina