IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ricky Darren Sanders, Sr., #7372 )<br>a.k.a. Ricky D. Sanders, Sr.,     )<br>                                                )<br>              Plaintiff,                      )<br>                                                )<br>     vs.                                       )<br>                                                )<br>Sumter City Police Dept. c/o Chief Patty )<br>Patterson; Detective Todd Sims; and     )<br>Cpl. Shirer, City Police Sumter,           )<br>                                                )<br>              Defendants.                 )<br>_____) | C/A No. 6:06-3408-MBS-WMC<br><br><br><br>**O R D E R** |

Plaintiff Ricky Darren Sanders is a detainee who was housed at the Sumter Lee Regional Detention Center in Sumter, South Carolina at the time he filed this action. Plaintiff is currently housed at the Columbia Care Center in Columbia, South Carolina. Plaintiff, proceeding pro se, filed a complaint on December 4, 2006, alleging causes of action for wrongful imprisonment, false arrest, abuse of authority, denial of due process, corruption, kidnapping, lost wages, pain and suffering, and defamation. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on Defendants' motion for summary judgment and Plaintiff's motions for summary judgment. Defendants filed a motion for summary judgment on May 22, 2007. On May 30, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. After being granted several extensions of time to respond to Defendants' motion for summary judgment, Plaintiff filed a response on October 16, 2007. Defendants filed a reply on October 26, 2007.

On September 5, 2007, Plaintiff filed his first motion for summary judgment. Defendants filed a response to Plaintiff's first motion for summary judgment on September 24, 2007. On

October 16, 2007, Plaintiff filed his second motion for summary judgment. On November 5, 2007, Defendants filed a response in opposition to Plaintiff's second motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 30, 2007, this matter was reassigned to United States Magistrate Judge William M. Catoe. On February 5, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted and Plaintiff's motions for summary judgment be denied. On February 27, 2008, Plaintiff was granted until March 24, 2008 to file objections to the Report and Recommendation. On March 20, 2008, Plaintiff filed a second motion for extension of time to respond to the Report and Recommendation. (Entry 54.) Defendants filed a response in opposition to Plaintiff's motion for extension of time on March 20, 2008. Finding that the Plaintiff has had ample opportunity to respond to the Report and Recommendation, the Plaintiff's second motion for an extension of time is denied.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge found that Plaintiff's fourth amendment claims and state law claims for false imprisonment and malicious prosecution failed because probable cause existed for Plaintiff's arrest. (See Report and Recommendation at 6-7.) The Magistrate Judge also found that Defendants were entitled to qualified immunity because Plaintiff failed to demonstrate that any of his constitutional rights were violated. (See id. at 6-7.) The Magistrate Judge further found that the Plaintiff presented no evidence to support a claim for defamation. (See id. at 7.) Finally, the Magistrate Judge recommended that to the extent that Plaintiff's complaint could be construed to allege additional state law claims, the court should refrain from exercising supplemental jurisdiction over these claims as the Plaintiff failed to establish a federal claim. (See id. at 8.)

The court has carefully reviewed the record and concurs with the Magistrate Judge's findings. The court adopts the Report and Recommendation and incorporates it herein by reference. The Defendants' motion for summary judgment (Entry 20) is **granted** and the Plaintiff's motions for summary judgment (Entries 30, 35) are **denied**. Additionally, Plaintiff's second motion for an extension of time to file objections to the Report and Recommendation (Entry 54) is **denied**.

**IT IS SO ORDERED**.

  s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

Columbia, South Carolina  
March 28, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**